UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

**Robert F. Fox**

    v.                                 Case No. 21-cv-159-PB
                                          Opinion No. 2022 DNH 088

**Robert Hazelwood**

## MEMORANDUM AND ORDER

Robert Fox, a federal prisoner, has petitioned under 28 U.S.C. § 2241 for restoration of the seven days of good-time credit he lost following a disciplinary hearing where he was found guilty of possessing stolen pizza sauce and cheese. I previously denied the warden's motion to dismiss the petition for failure to exhaust administrative remedies. The warden has now moved for summary judgment on the same ground, repeating the arguments he raised in the motion to dismiss. I apply the familiar summary judgment standard when resolving this motion. See French v. Merrill, 15 F.4th 116, 123 (1st Cir. 2021).

Federal prisoners are ordinarily required to exhaust available administrative remedies before filing a habeas petition under § 2241. See Rogers v. United States, 180 F.3d 349, 357–58 (1st Cir. 1999); see also Quintana-Navarette v. Garcia, 361 F. App'x 951, 953 (10th Cir. 2010); Aron v. LaManna, 4 F. App'x 232, 232–33 (6th Cir. 2001). The Bureau of Prisons

(BOP) has established a multi-tiered administrative appeal process that allows prisoners to seek formal review of their complaints. See 28 C.F.R. §§ 542.10–542.19. An inmate dissatisfied with the decision of a disciplinary hearing officer must appeal to the appropriate regional director within twenty calendar days of that decision. Id. §§ 542.14–542.15. If the outcome of the regional director's review does not mollify the inmate, he must appeal to the BOP's general counsel within thirty days of the regional director's response. Id. § 542.15. Once the inmate has received a decision from the general counsel, he has exhausted the BOP's administrative remedy process.

Failure to exhaust these administrative remedies may be excused, however, where the "failure is due to the administrator, rather than the petitioner." Fazzini v. Ne. Ohio Corr. Ctr., 473 F.3d 229, 236 (6th Cir. 2006). For example, exhaustion under § 2241 is not required when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Blevins v. FCI Hazelton Warden, 819 F. App'x 853, 856 (11th Cir. 2020) (quoting Ross v. Blake, 578 U.S. 632, 644 (2016)); see Burman v. Warden, 2021 DNH 110, 2021 WL 2953183, at *3 (D.N.H. July 14, 2021).

The summary judgment record contains minimally sufficient evidence to show that the BOP is responsible for Fox's failure to exhaust the administrative remedies. Fox appealed the disciplinary hearing officer's

2

decision to the regional director, but his appeal was rejected as untimely. Fox attributes his untimely filing to the conduct of a prison staff member. According to Fox, he gave the appeal form to a prison counselor identified as Napier and asked him to mail it long before the filing deadline. When the regional director later gave Fox an opportunity to cure the untimely filing by submitting a statement from prison staff that the delay was not Fox's fault, Napier refused to provide such a statement. Even then, Fox persisted in his efforts to exhaust by resubmitting his appeal to the regional director, explaining that Napier had caused his missed deadline. When he received no response from the regional director, Fox filed an appeal with the BOP's general counsel, who affirmed the regional director's decision that his first appeal was untimely. Accepting Fox's version of the events, he did everything he could to properly exhaust, but the administrative process became unavailable to him through the machinations of a prison official. Under the circumstances, a material issue of fact exists as to whether Fox's alleged failure to exhaust the BOP's remedies should bar his claims. See Blevins, 819 F. App'x at 858–59 (allegation that prison staff stopped an inmate's mail when she tried to appeal, if true, triggered the unavailability exception to the

exhaustion requirement). Accordingly, the motion for summary judgment for failure to exhaust (Doc. No. 11) is denied.[1]

SO ORDERED.

/s/ Paul J. Barbadoro
Paul J. Barbadoro
United States District Judge

July 22, 2022

cc:   Robert F. Fox, pro se
      Seth R. Aframe, AUSA

---

[1] On its face, the petition suggests, however, that the warden has several arguments as to why he should prevail on the merits of Fox's claims. If the warden intends to move for summary judgment on the merits, he should do so within 30 days of the date of this order.