UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Robert F. Fox

    v.                                         Case No. 21-cv-159-PB
                                                Opinion No. 2022 DNH 156

Robert Hazelwood

## MEMORANDUM AND ORDER

The petitioner filed a habeas petition under 28 U.S.C. § 2241, challenging a disciplinary proceeding that resulted in the loss of good conduct time. The warden now moves for summary judgment. Because the petitioner fails to present a triable claim for relief, I grant the warden's motion.

## I. BACKGROUND

The petitioner, Robert Fox, was an inmate at FCI Berlin and worked in the kitchen as a cook.[1] Doc. 1-1 at 6. On October 2, 2019, two prison employees, Napier and Staruk, saw Fox returning from his shift in the kitchen with "what appeared to be a large amount of concealed contraband in his waistband and pant legs." Id. at 5; Doc. 16 at 5-6. Napier called Fox over and asked "what [Fox] had on [him]." Id. at 2-3. Fox then removed from his pants five bread bags containing food service cheese. Doc. 1-1 at 4. Staruk escorted Fox to the Lieutenant's office, where Fox removed two food service

---

[1] After filing this petition, Fox was transferred to a federal prison in Indiana. Doc. 10-1.

gloves filled with tomato paste. Id. Fox stated that he was bringing the items back to his unit to make pizzas for a planned gathering. Id. at 4, 10. Staruk wrote an incident report charging Fox with possession of stolen property in violation of Bureau of Prisons (BOP) Code 226. Id. at 5; see 28 C.F.R. § 541.3.

Later that month, a Discipline Hearing Officer (DHO) held a hearing regarding the incident report. Doc. 1-1 at 4. At the hearing, Fox admitted to being in possession of the cheese and tomato paste but denied that the items were stolen. Id. at 3. Although neither Napier nor Staruk testified at the hearing, the DHO considered as evidence Staruk's incident report, which outlined the facts above and explained that cheese and tomato paste are not available for purchase at the commissary. Id. at 3-4. The DHO also reviewed a photograph of the bags and gloves recovered from Fox's person. Id. at 4. The DHO concluded that Fox was in possession of stolen items in violation of BOP Code 226 and sanctioned him with the loss of seven days of good conduct time. Id.

Fox filed a habeas petition under 28 U.S.C. § 2241, arguing that the disciplinary proceedings violated his due process rights. The warden now moves for summary judgment.

II. STANDARD OF REVIEW

Summary judgment is appropriate when the record reveals "no genuine dispute as to any material fact and the movant is entitled to judgment as a

matter of law." Fed. R. Civ. P. 56(a); Tang v. Citizens Bank, N.A., 821 F.3d 206, 215 (1st Cir. 2016). In this context, a "material fact" is one that has the "potential to affect the outcome of the suit[.]" Cherkaoui v. City of Quincy, 877 F.3d 14, 23 (1st Cir. 2017) (quoting Sanchez v. Alvarado, 101 F.3d 223, 227 (1st Cir. 1996)). A "genuine dispute" exists if a factfinder could resolve the disputed fact in the nonmovant's favor. Ellis v. Fid. Mgmt. Tr. Co., 883 F.3d 1, 7 (1st Cir. 2018).

The movant bears the initial burden of presenting evidence that "it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); accord Irobe v. U.S. Dep't of Agric., 890 F.3d 371, 377 (1st Cir. 2018). Once the movant has properly presented such evidence, the burden shifts to the nonmovant to designate "specific facts showing that there is a genuine issue for trial," Celotex, 477 U.S. at 324, and to "demonstrate that a trier of fact could reasonably resolve that issue in [his] favor." Irobe, 890 F.3d at 377 (quoting Borges ex rel. S.M.B.W. v. Serrano-Isern, 605 F.3d 1, 5 (1st Cir. 2010)). If the nonmovant fails to adduce such evidence on which a reasonable factfinder could base a favorable verdict, the motion must be granted. Celotex, 477 U.S. at 324. In considering the evidence, the court must draw all reasonable inferences in the nonmoving party's favor. Theriault v. Genesis HealthCare LLC, 890 F.3d 342, 348 (1st Cir. 2018).

III.  ANALYSIS

Fox asserts that the disciplinary proceedings failed to comport with the requirements of due process because (1) the DHO's findings were not supported by the evidence and (2) the proceedings were insufficiently impartial because of Napier's personal bias against him. The warden argues that the DHO's findings were adequately supported by the record and that Napier's bias would not, as a matter of law, offend due process. I assume without deciding that a habeas petition remains a proper vehicle to challenge the loss of good conduct time and consider each of Fox's claims in turn. See Francis v. Maloney, 798 F.3d 33, 36-37 (1st Cir. 2015) (noting that recent Supreme Court dicta may call into question whether inmates can challenge the loss of good conduct time in a habeas petition).

Prison disciplinary hearings that may result in the revocation of good conduct time must comport with certain due process requirements. See Wolff v. McDonnell, 418 U.S. 539, 563-567 (1974). Among these are that the inmate receive a hearing before an impartial decisionmaker, Suprenant v. Rivas, 424 F.3d 5, 16 (1st Cir. 2005), and that the decision be supported by "some evidence in the record," Superintendent v. Hill, 472 U.S. 445, 454 (1985). "The degree of impartiality required of prison officials does not rise to the level of that required of judges generally." Allen v. Cuomo, 100 F.3d 253, 259 (2d Cir. 1996). Rather, due process is offended only if the decisionmaker is so

4

impartial that it presents a "hazard of arbitrary decisionmaking." See Wolff, 418 U.S. at 571; see also Morgan v. Quarterman, 570 F.3d 663, 668 (5th Cir. 2009).

In determining whether a decision is supported by "some evidence," "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the [DHO]." Hill, 472 U.S. at 455-56. This standard is "minimally stringent," Powell v. Gomez, 33 F.3d 39, 40 (9th Cir. 1994), and will be satisfied by "[e]ven a meager amount of evidence." Roberts v. Warden, 2022 DNH 137, 8.

A. Sufficiency of the Evidence

Fox argues that the DHO's finding that he was in possession of stolen items was not supported by the evidence and therefore violates due process. Fox asserts that he did not steal the cheese and tomato paste from food services, but rather collected the food from other inmates' discarded trays. To support his claim, he notes that the kitchen officers allowed him to leave with the items and did not fire him following the DHO's finding of guilt, which they would have done had they believed he stole the items. Because the items were not stolen, Fox contends that he should have received a lesser charge under BOP Code 305, possession of an unauthorized item. See 28 C.F.R. § 541.3. The government argues that the DHO's finding was adequately

supported by the undisputed fact that Fox was in possession of the items, which he could not have obtained from the commissary.

    I agree that the DHO's decision was supported by sufficient evidence. That Fox concealed items that belonged to food services and that he could not have obtained through authorized channels is some evidence that the items were stolen. See Foerderer v. Warden, No. 5:17-cv-139-OC-02PRL, 2019 WL 1506865 at *3 (M.D. Fla. Apr. 5, 2019) (upholding possession of stolen property charge based on evidence that the inmate concealed cottage cheese that was not "issued through regular channels," notwithstanding the inmate's contention that food services allowed him to take the cheese); Mertins v. Maye, No. 13-3001-RDR, 2015 WL 2365526 at *6 (D. Kan. May 18, 2015) (holding that possession of stolen property charge was adequately supported by evidence that the inmate possessed milk cartons that belonged to food services without authorization, despite evidence that the inmate retrieved the cartons from the trash).

    Fox admits that he concealed the items and does not dispute that they were not available at the commissary. He argues, however, that this evidence is compatible with his version of events and thus warranted a lesser charge. But the fact that the DHO's conclusion was not inevitable does not mean that it was a violation of due process. See Hill, 472 U.S. at 457 ("The Federal Constitution does not require evidence that logically precludes any conclusion

but the one reached by the disciplinary board."). Moreover, the DHO was not required to reduce the charge simply because the evidence could have supported a lesser charge. Courts agree that, where the evidence could support two different charges, a disciplinary proceeding "does not violate due process as long as there is some evidence that shows the prisoner violated the charged code." See Roberts, 2022 DNH 137, 7; see also Saeed v. Pugh, No. 4:14-cv-0871, 2014 WL 4966357, at *2 (N.D. Ohio Oct. 3, 2014); Morris v. Fransic, No. 3:06-cv-26, 2007 WL 2327111, at *1 (N.D. W. Va. Aug. 10, 2007). Because the DHO's finding was supported by some evidence, the warden is entitled to summary judgment as to Fox's sufficiency of the evidence claim.

B.  Impartiality

Fox next contends that the disciplinary proceedings were not sufficiently impartial. Specifically, Fox asserts that Napier had a vendetta against him based on a prior disagreement, and that Napier's bias tainted the disciplinary proceedings. The warden argues that Napier's bias is legally insufficient because due process does not require an impartial investigator. I agree.

While inmates facing the loss of good conduct time have a due process right to an impartial DHO, there is no constitutional right to an impartial investigator. See Gonzalez-Droz v. Gonzalez-Colon, 660 F.3d 1, 15 (1st Cir. 2011) ("A person who investigates and presents an agency's case, unlike a

7

decisionmaker, does not have to be neutral."); see also Oram v. Zatecky, No. 1:18-cv-02381-SEB-DML, 2019 WL 2163044, at *2 (S.D. Ind. May 17, 2019) ("Although there is a due process right to an impartial decisionmaker, there is no due process right to be written up by a reporting officer with no conflict of interest."). Thus, Napier's bias against Fox cannot, without more, constitute a due process violation.

    Nor is there any basis to conclude that Napier's bias tainted the DHO's decision. Fox asserts that the DHO was improperly influenced by Napier because he asked her "to not drop the charge down" to the lesser charge of possession of an unauthorized item. Doc. 1 at 7. But such ex parte communications do not, standing alone, violate due process. See Jackson v. Wrigley, 256 F. App'x 812, 814 (7th Cir. 2007); Williams v. Superintendent, No. 3:16-cv-067, 2016 WL 4140926, at *2 (N.D. Ind. Aug. 3, 2016). Further, there is no basis to conclude that the communication rendered the DHO so impartial as to present a "hazard of arbitrary decisionmaking." See Wolff, 418 U.S. at 571. Because Fox cannot demonstrate that the DHO herself was biased, the warden is entitled to summary judgment.[2]

---

[2]    In his objection to the warden's motion for summary judgment, Fox alleges for the first time that the DHO said she would not consider a lower charge because "Mr. Napier would be mad at her," and that Napier specifically "requested [Fox] lo[se] 7 days goodtime[.]" Doc. 16 at 3. In making this statement, Fox appears to be claiming that the DHO was insufficiently impartial because she was afraid of upsetting Napier. In order to assert this

8

## IV. CONCLUSION

For the foregoing reasons, the warden's motion for summary judgment (Doc. 15) is granted. The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

/s/ Paul J. Barbadoro
Paul J. Barbadoro
United States District Judge

December 16, 2022

cc: Robert Fox, pro se
Counsel of record

---

claim, Fox would need to do so with specificity in his habeas petition. See Rule 2(c), Rules Governing Section 2254 Cases; see also id. at 1(b). Yet this claim does not appear anywhere in Fox's petition, which premised its allegations of impartiality exclusively on Napier's bias and his alleged ex parte communication with the DHO. Fox's current argument thus advances a different theory, premised on new facts, that did not appear in his initial petition, even when liberally construed. See Miller v. Kemna, 207 F.3d 1096, 1097 (8th Cir. 2000) ("While we liberally construe a pro se habeas petition, we do not require a district court to recognize an unarticulated argument") (cleaned up). Accordingly, his argument is waived. See Logan v. Gelb, 790 F.3d 65, 70 (1st Cir. 2015); see also Alcequiecz v. Ryan, No. 1:14-cv-11693-ADB, 2017 WL 2346837, at *8 (D. Mass. May 30, 2017) (holding that ineffective assistance of counsel claim based on attorney's failure to request a jury instruction was waived where habeas petition only raised ineffective assistance of counsel claim based on failure to call particular witnesses). Even if the argument was not waived, Fox's allegations appear only in an unsworn filing, and therefore are insufficient to preclude summary judgment. See Goguen v. Allen, 780 F.3d 437, 457 n.58 (1st Cir. 2015) (quoting Ruiz Rivera v. Riley, 209 F.3d 24, 28 n.2 (1st Cir. 2000)) (declining to consider unsworn allegations in a pro se plaintiff's complaint in ruling on his motion for summary judgment because "pro se status does not free a litigant in a civil case of the obligation to comply with procedural rules.").